UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JASON ET CATO, also known as
Jason Cato,

Plaintiff,

v. 9:22-CV-1173
(AMN/CFH)

PATRICK REARDON, et al.,

Defendants.

---

APPEARANCES:

JASON ET CATO
Plaintiff, pro se
21-B-0271
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

ANN M. NARDACCI
United States District Judge

**DECISION and ORDER**

## I. INTRODUCTION

The Clerk has sent to the Court for review a pro se complaint filed by Jason ET Cato ("plaintiff") pursuant to 42 U.S.C. § 1983 ("Section 1983"), asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 1 ("Compl."). Plaintiff, who is presently incarcerated at Marcy Correctional Facility ("Marcy C.F."), has not paid the statutory filing fee for this action

and seeks leave to proceed in forma pauperis ("IFP"). Dkt. No. 2 ("IFP Application").[1]

## II. IFP APPLICATION

Where a plaintiff seeks leave to proceed in forma pauperis, the Court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying, in full, the $402.00 filing fee.[2] Even if a plaintiff financially qualifies for IFP status, the Court must also determine whether the three strikes provision of 28 U.S.C. § 1915(g) bars the plaintiff from proceeding in forma pauperis and without prepayment of the filing fee.[3] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

If the plaintiff is indigent and not barred by § 1915(g), the Court must also consider whether the causes of action stated in the complaint are, *inter alia,* frivolous or malicious, or if they fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *see*

---

[1] On November 10, 2022, plaintiff filed a supplement to his IFP Application. Dkt. No. 4. The Clerk of the Court is directed to attach this submission to the IFP Application (Dkt. No. 2).

[2] "28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010). "Although an indigent, incarcerated individual need not prepay the filing fee . . . at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." *Id*. (citing 28 U.S.C. § 1915(b); *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

[3] The manifest intent of Congress in enacting this "three strikes" provision was to curb prison inmate abuses and to deter the filing of multiple, frivolous civil rights suits by prison inmates. *Tafari v. Hues*, 473 F.3d 440, 443-44 (2d Cir. 2007). The question of whether a prior dismissal is a "strike" is a matter of statutory interpretation and, as such, is a question for the court to determine as a matter of law. *Id.* at 442-43.

*also* 28 U.S.C. § 1915A(b)(1).

In this case, plaintiff has demonstrated sufficient economic need and has filed the inmate authorization form required in the Northern District of New York. *See* Dkt. No. 2; Dkt. No. 3 ("Inmate Authorization Form"). Thus, the Court must determine whether plaintiff has three "strikes" and, if so, whether he is entitled to invoke the "imminent danger" exception to that rule. *See* 28 U.S.C. § 1915(g).

**A. Determination of "Strikes"**

The Court has reviewed plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service.[4] On the basis of that review, the Court finds that, as of the date that plaintiff commenced this action, October 17, 2022[5], plaintiff had acquired at least three strikes because he filed three previous civil actions while incarcerated that were dismissed based on frivolousness or failure to state a claim upon which relief may be granted. *See Cato v. Ontario County Jail, et al.,* No. 1:01-CV-00774, Memorandum and Order, Dkt. No. 3 (W.D.N.Y. Nov. 9, 2001) (dismissing plaintiff's civil rights action with prejudice for failure to state a claim)[6]; *Cato v. Ramos,* No. 1:11-CV-00300, Order, Dkt. No. 20 (W.D.N.Y. Sept. 19, 2012) (adopting Report & Recommendation and dismissing

---

[4] *See* U.S. Party/Case Index <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl> (last visited Jan. 23, 2023).

[5] A court performing a "three strikes" analysis must determine the date on which the plaintiff "brought" the action for purposes of 28 U.S.C. § 1915(g). Under the "prison mailbox rule," the date of filing is deemed to be the date that the prisoner-plaintiff delivered his complaint to a prison guard for mailing to the court, which is presumed to be the date that the complaint was signed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001).

[6] Because of the age of this action, the Order dismissing the action was not electronically accessible to the Court on PACER. With the assistance of the National Archives & Records Administration ("NARA"), the Court acquired a copy of the opinion, which is appended to this Decision and Order.

plaintiff's civil rights action for failure to state a claim); and *Cato v. Bleakley, et al.,* No. 6:20-CV-07087*,* Decision and Order, Dkt. No. 9 (W.D.N.Y. Oct. 26, 2021) (dismissing plaintiff's civil rights action for failure to state a claim)[7].

Thus, unless it appears that the "imminent danger" exception to the "three strikes" rule is applicable in this action, plaintiff may not proceed IFP.

**B. Applicability of the "Imminent Danger" Exception**

Congress enacted the "imminent danger" exception as a "safety valve" to prevent impending harms to prisoners otherwise barred from proceeding IFP. *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). "[F]or a prisoner to qualify for the imminent danger exception, the danger must be present when he files his complaint—in other words, a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) (citation omitted); *see also Polanco v. Hopkins*, 510 F.3d 152, 155 (2d Cir. 2007) (imminent danger claims must be evaluated at the time the complaint is filed, rather than at the time of the events alleged). In addition, "§ 1915(g) allows a three-strikes litigant to proceed [in forma pauperis] only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges." *Pettus*, 554 F.3d at 296. In deciding whether such a nexus exists, the Second Circuit instructs the courts to consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to

---

[7] In a Decision and Order dated October 2021, this action was dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, with leave to amend. Because plaintiff failed to submit an amended pleading, judgment was entered in accordance with the prior decision. In this instance, dismissal for failure to file an amended complaint constitutes a strike. *See Bermudez v. Rossi*, No. 9:07-CV-0367 (LEK/DRH), 2008 WL 619170, at *3 (N.D.N.Y. Mar. 3, 2008) (citations omitted); *see also Cruz v. Zwart*, No. 9:13-CV-1287 (TJM/DEP), 2014 WL 4771664, at *4 (N.D.N.Y. Sept. 24, 2014).

unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would redress that injury." *Id*. at 298-99. Both requirements must be met in order for the three-strikes litigant to proceed IFP. *Id*.

"When determining whether a prisoner has qualified for the 'imminent danger' exception, courts look at the non-conclusory allegations in the plaintiff's complaint." *Welch v. Charlan*, No. 06-CV-0061 (GTS/DEP), 2008 WL 5382353, at *1 n.2 (N.D.N.Y. Dec. 16, 2008); *see also Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[A]ll [circuits] maintain a singular focus on the facts alleged in the complaint in deciding whether a prisoner faced the requisite harm.") (collecting cases). Where the plaintiff is proceeding pro se, his complaint should be liberally construed and interpreted "to raise the strongest arguments that [it] suggest[s]." *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010) (internal quotation marks omitted). "[T]hough [a court] is obligated to draw the most favorable inferences that [a pro se plaintiff's] complaint supports, [the court] cannot invent factual allegations that [the plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (citations omitted). Thus, "[a] court may find that a complaint does not satisfy the 'imminent danger' exception if the complainant's 'claims of imminent danger are conclusory or ridiculous.' " *Id.* (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003)). Finally, "[t]he imminent danger claimed by the inmate . . . must be real, and not merely speculative or hypothetical." *Nelson v. Nesmith*, No. 06-CV-1177 (TJM), 2008 WL 3836387, at *5 (N.D.N.Y. Aug. 13, 2008) (citation omitted).

Plaintiff filed this action in October 2022, while incarcerated at Marcy C.F. *See* Compl. at 2. Plaintiff alleges that defendants, "fail[ed] to treat the plaintiff fairly pursuant to due process" and asserts that defendants are "stealing his legal mail, legal packages," and

"finances." *Id*. at 4. Plaintiff does not allege he feared "serious physical injury" from any defendant at the time he filed this action.

Construing the complaint with the leniency that must be afforded to a pro se litigant, *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996), plaintiff has failed to plead facts suggesting that "imminent danger" was present when he filed his complaint – sufficient to place him within the exception provided by Section 1915(g). *See Flemming v. Kemp*, No. 09-CV-1185 (TJM/DRH), 2010 WL 3724031, at *2 (N.D.N.Y. Aug. 19, 2010) (citing *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (The imminent danger exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.")); *see, e.g., Isasi v. Fischer*, No. 10-CV-0948F, 2010 WL 5392653, at *2 (W.D.N.Y. Dec. 20, 2010) (finding that the allegations did not support a claim of imminent danger of serious physical injury where the claims related to DOCCS' policies and plaintiff's outgoing mail).

In light of plaintiff's pro se status, the Court will give him an opportunity to present an amended complaint. *See Chavis*, 618 F.3d at 170. Plaintiff is advised that any amended complaint submitted in response to this Decision and Order must set forth a short and plain statement of the facts he relies on in support of his claim that specific individuals named as defendants in that pleading engaged in conduct that violated his constitutional rights, and must also contain factual allegations sufficient to plausibly suggest that he faced "imminent danger of serious physical injury" from one or more of the named defendants when he filed this action.[8] Plaintiff's amended complaint, which shall supersede and replace in its entirety the original complaint, must be a complete pleading which sets forth all of the claims that

---

[8] Plaintiff is reminded that claims of "imminent danger" set forth in wholly conclusory terms do not suffice. *See Chavis*, 618 F.3d at 170.

plaintiff wants this Court to consider as a basis for awarding relief in this action.

If plaintiff wishes to proceed with this action he must, within thirty (30) days of the filing date of this Decision and Order, either (i) pay the statutory filing fee of four hundred and two dollars ($402.00) in full,[9] or (ii) file an amended complaint demonstrating that he faced "imminent danger of serious physical injury" when he filed this action.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk of the Court shall attach the submission at Dkt. No. 4 to plaintiff's IFP Application (Dkt. No. 2); and it is further

**ORDERED** that plaintiff's IFP Application (Dkt. No. 2) is held in abeyance; and it is further

**ORDERED** that within **thirty (30)** days of the date of this Decision and Order, plaintiff shall either (i) pay the Court's filing fee of four hundred and two dollars ($402.00) in full, or (ii) file an amended complaint demonstrating that he faced "imminent danger of serious physical injury" from the named defendant(s) when he commenced this action; and it is further

**ORDERED** that upon plaintiff's compliance with this Decision and Order or the expiration of the time set forth herein, the Clerk of the Court shall return the file to this Court for review; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff.

---

[9] The $402.00 filing fee consists of the civil filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $52.00.

**IT IS SO ORDERED**

Date: January 25, 2023
Albany, NY

Anne M. Nardacci
U.S. District Judge