UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JASON ET CATO, also known as
Jason Cato,

                        Plaintiff,              9:23-CV-1173
                                                            (AMN/CFH)

     v.

PATRICK REARDON, et al.,

                        Defendants.
_____

APPEARANCES:

JASON ET CATO
Plaintiff, pro se
21-B-0271
Cayuga Correctional Facility
P.O. Box 1186
Moravia, NY 13118

ANNE M. NARDACCI
United States District Judge

**DECISION and ORDER**

**I.**     **INTRODUCTION AND PROCEDURAL HISTORY**

On October 17, 2022[1], pro se plaintiff Jason ET Cato ("plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") and sought leave to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"). By Decision and Order filed on January 25, 2023 (the "January Order"), the Court found that plaintiff had filed three previous civil actions while incarcerated that were dismissed based on frivolousness or

---

[1] Under the "prison mailbox rule," the date of filing is deemed to be the date that the prisoner-plaintiff delivered his complaint to a prison guard for mailing to the court, which is presumed to be the date that the complaint was signed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001).

failure to state a claim upon which relief may be granted. Dkt. No. 6 at 3-4. As the Court noted, under 28 U.S.C. § 1915(g), those three previous actions serve as "three strikes" which bar plaintiff from proceeding IFP, unless he is able to demonstrate that he faced "imminent danger of serious physical injury" at the time he commenced the action. As such, the Court next considered plaintiff's allegations solely for purposes of evaluating whether they were sufficient to qualify him for the imminent danger exception to the three strikes rule found in Section 1915. Dkt. No. 6 at 5-6.

At the time he commenced the action, plaintiff was incarcerated at Marcy Correctional Facility ("Marcy C.F.") and he alleged that "the entire administration at Marcy Correctional Facility ha[d] deprived the plaintiff of constitutional rights." Compl. at 4. Plaintiff further alleged that defendants, "fail[ed] to treat the plaintiff fairly pursuant to due process" and asserted that defendants were "stealing his legal mail, legal packages," and "finances." *Id*. at 4.

Upon review of the complaint, the Court concluded that plaintiff's allegations did not plausibly suggest that he faced imminent danger of serious physical injury at the time he commenced the action. Dkt. No. 6 at 6. In light of plaintiff's pro se status, plaintiff's IFP Application was held in abeyance and he was directed to either (i) pay the Court's filing fee of four hundred and two dollars ($402.00) in full, or (ii) file an amended complaint demonstrating that he faced imminent danger of serious physical injury from the named defendant(s) when he commenced this action. *Id*. at 6-7. Plaintiff was directed to comply with the January Order within thirty days. *Id*.

On March 8, 2023, the Court issued an Order dismissing the action, without prejudice, due to plaintiff's failure to comply with the January Order. Dkt. No. 7 (the "March Order").

On the same day, Judgment was issued. Dkt. No. 8. On March 27, 2023, plaintiff filed a Notice of Appeal (Dkt. No. 9), as well as an amended complaint (Dkt. No. 10).

On September 8, 2023, the case was remanded from the Second Circuit for consideration of the amended complaint, "as a timely motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e)." Dkt. No. 12.

## II. MOTION TO VACATE JUDGMENT

"A party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Ruotolo v. City of N. Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (citation omitted). Reconsideration of a judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure "should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted)). Here, plaintiff's submission was signed on March 8, 2023, but not received by the Court until March 27, 2023. *See* Dkt. No. 10 at 33. Thus, it appears that plaintiff's submission crossed in the mail with the March Order and Judgment. Accordingly, plaintiff's motion to vacate must be granted to prevent manifest injustice. *See Braithwaite v. Gaitman*, No. 22-CV-0974, 2022 WL 14059127, at *5 (E.D.N.Y. Oct. 24, 2022) (noting that the special solicitude towards pro se litigants "takes a variety of forms, including liberal construction of papers, relaxation of the limitations on the amendment of pleadings, leniency in the enforcement of other procedural rules"). Thus, plaintiff's motion to alter/amend the Judgment is granted and the Judgment entered March 8, 2023 is vacated.

3

The Clerk is directed to restore this case to the active docket.

## III. REVIEW OF SECOND AMENDED COMPLAINT

On October 18, 2023, plaintiff filed a second amended complaint. Dkt. No. 14 ("Sec. Am. Compl."). Thus, since this action has been reopened, the Court deems the second amended complaint as the operative pleading and will review plaintiff's second amended complaint in accordance with Section 1915.

### A. Legal Standard

The legal standard governing the imminent danger exception to the three strikes rule set forth in 28 U.S.C. § 1915(g), referenced above, was discussed at length in the January Order, and it will not be restated in this Decision and Order. *See* Dkt. No. 6 at 4-5.

### B. Summary of Factual Allegations and Claims

In the second amended complaint, plaintiff identifies the following new defendants: Commissioner Martuscello, Superintendent Mr. D'Amore, Dibari, Barbosa, Sergeant Trombly, Sergeant Davis, Sergeant Thisse, Correction Officer Smith, Correction Officer Bradbarry ("Bradbarry"), Imam Mr. Hadian ("Hadian"), Correction Officer Keller, and Correction Officer G. Butler.[2] Sec. Am. Compl. at 1, 5-10.

In addition, plaintiff indicates that the matter is now a "class action" brought by "Cato, Cunningham, King, Williams, Daley, Kerrick, Paul, Gary, Collins, Gilmore, and the entire Rastafararian faith." Sec. Am. Compl. at 2-4. It is well settled that a class action cannot be maintained by a pro se litigant since non-attorneys may not represent anyone other than themselves. *See Khalil v. Laird*, 353 Fed. App'x 620, 621 (2d Cir. 2009); 28 U.S.C. § 1654.

---

[2] The Clerk of the Court is directed to add these individuals as defendants to the docket report.

Since the named plaintiff is not an attorney, he may not act as a representative of any class. Thus, the Court will review the sufficiency of the second amended complaint as it pertains to Cato only.[3]

Plaintiff makes the following allegations in the second amended complaint:

Beginning in September 2021, "defendants" have deprived plaintiff of his free exercise rights because "they don't have Rastafarian services."  Sec. Am. Compl. at 18-21.  In September 2021, plaintiff filed grievances and complaints against defendants "for not following their own rules and regulations" and violating plaintiff's constitutional rights.  *Id*. at 10-12.

On February 11, 2022, defendants withheld plaintiff's legal mail.  Sec. Am. Compl. at 22.  As a result, plaintiff missed a court deadline imposed by the Oneida County Supreme Court.  *Id*. at 23.

On December 11, 2022, plaintiff was sexually assaulted by Bradbarry in the mess hall corridor.  Sec. Am. Compl. at 16.  Bradbarry directed plaintiff to "get on the wall" for a pat-frisk and "swiped his hands" between plaintiff's buttocks and "penetrated [his] rectum with his index finger."  *Id*.  Officer John Doe held pepper spray in plaintiff's face and threatened to "spray [him] like a skunk" if plaintiff moved off of the wall.  *Id*. at 17.

Snedecker directed plaintiff to "take out his box braids."[4]  Sec. Am. Compl. at 17. Plaintiff informed Snedecker that he was Rastafarian and that his braids were a "holy sacrament."  *Id.*  Snedecker responded with racial slurs and directed plaintiff to "get against

---

[3] In the pleading, plaintiff indicates that he enclosed the court filing fee of $402.00.  Sec. Am. Compl. at 3.  However, the Court is not in receipt of said funds.

[4] Plaintiff did not plead facts related to when or where this incident occurred.

5

the wall." *Id*. When plaintiff was on the wall, Snedecker kicked his feet and pushed his head. *Id.* Snedecker frisked plaintiff and groped his genitals and buttock. Sec. Am. Compl. at 18.

On June 16, 2023, D'Amore, Hadian, Trombly, Davis, and Smith issued a misbehavior report charging plaintiff with demonstration and violating a direct order. Sec. Am. Compl. at 22, 30.

In August 2023, plaintiff was "falsely accused" of prison violations by Coomber.[5] Sec. Am. Compl. at 26-29. Defendant Barbosa presided over a disciplinary hearing and sentenced plaintiff to 156 days in the Special Housing Unit ("SHU"). *Id*. In the SHU, plaintiff claims he was in "imminent danger" because he was assaulted by Coomber and "other defendants." *Id*. As a result of these "retaliatory actions," plaintiff's "merit release date" of December 2023 has been "taken from him." *Id*.

In September 2023, Schneider, Coomber, Bradbarry, and Snedecker "pulled plaintiff out of the ASAT program" and "lectured" plaintiff about a misbehavior report. Sec. Am. Compl. at 39. Schneider told Coomber to place plaintiff in restraints and call for assistance. *Id.* at 40. Plaintiff was placed in the back of a vehicle with Murphy. *Id*. As the vehicle began to move, "defendants began striking the plaintiff in the ribs, and head areas[.]" *Id*. When the vehicle arrived at the draft room, Bradbarry and Snedecker assaulted plaintiff in the holding cell. Sec. Am. Compl. at 40. A misbehavior report was issued and a disciplinary hearing was held, with Barbosa presiding. *Id*. Barbosa failed to complete the hearing in a timely manner and refused to allow plaintiff to present evidence. *Id*. at 40-41. On October 13,

---

[5] The Clerk of the Court is directed to amend the Docket Report to correct the spelling of defendant's name.

6

2023, plaintiff was found guilty and sentenced to 156 days in the SHU with a loss of privileges.  *Id.*

Construing the second amended complaint liberally, plaintiff asserts the following: (1) Eighth Amendment excessive force, failure-to-intervene, and harassment claims; (2) Fourteenth Amendment due process claims; (3) First Amendment retaliation claims; (4) First Amendment free exercise claims and claims pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"); and (5) constitutional claims related to violations of DOCCS Directives.  *See* Sec. Am. Compl. at 2, 36-58.  Plaintiff seeks monetary damages.  *See id.* at 2.

### C. Discussion

As discussed in the January Order, the imminent danger exception only applies to danger existing at the time the complaint is filed.  *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010).  Here, plaintiff filed the complaint in October 2022.  *See* Compl. at 5.  To the extent that plaintiff attempts to demonstrate that he faced imminent danger of serious physical injury based on incidents that allegedly occurred in 2021, February 2022, December 2022, and 2023, the facts do not plausibly suggest that plaintiff faced the risk of serious physical injury at the time he "brought" this action.  The allegations are not "contemporaneous with the commencement of the litigation."  *See Walker v. Cuomo*, No. 9:17-CV-0650 (TJM/DJS), 2018 WL 6068413, at *2 (N.D.N.Y. Nov. 20, 2018); *see also Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002) ("Because § 1915(g) uses the present tense in setting forth the imminent danger exception, it is clear from the face of the statute that the danger must exist at the time the complaint is filed[,]" and that the exception does

7

not apply to "those harms that had already occurred.") (internal quotation marks and citations omitted).  Moreover, with respect to the use of force incidents in December 2022 and factual allegations relating to events in 2023, those incidents occurred <u>after</u> plaintiff filed the complaint and thus, are insufficient to suggest "imminent danger."  *See Burgess v. Conway*, 631 F.Supp.2d 280, 284 (W.D.N.Y. 2009) (citations omitted); *Taylor v. Allen*, No. CIV A 07-0794, 2009 WL 1758801, at *2 (S.D. Ala. June 16, 2009) (reasoning that the plaintiff could not establish that he was under imminent danger of serious physical injury at the time he filed the complaint because the excessive force incident occurred after the complaint was filed); *see also Moxley v. Johnson*, No. 3:05-CV-0038-B, 2005 WL 1131063, at *2 (N.D. Tex. May 6, 2005) (finding no "imminent danger" where the attack "came after petitioner filed the instant action"), *report and recommendation adopted*, 2005 WL 1421454 (N.D. Tex. June 14, 2005).[6]

Temporal proximity aside, the facts related to the incidents involving plaintiff's access to his legal mail, access to the courts, attempts to practice his religion, and defendants' violations of DOCCS' Directives, do not support the conclusion that plaintiff was in imminent danger of serious physical injury.  *See Isasi v. Fischer*, No. 10-CV-0948F, 2010 WL 5392653, at *2 (W.D.N.Y. Dec. 20, 2010) (finding that allegations related to DOCCS' policies and plaintiff's outgoing mail did not support a claim of imminent danger of serious physical injury); *Simmons v. Kishbaugh*, No. 2:19-CV-1650, 2020 WL 1853038, at *1 (E.D. Cal. Apr. 13, 2020) (reasoning that an access to the courts claim fails to demonstrate that the plaintiff

---

[6] The incident with Snedecker set forth in the amended complaint does not suggest that plaintiff faced imminent danger at the time he filed the action because it is not tied to any particular date.  *See Walker*, 2018 WL 6068413, at *3.

was under an imminent danger of serious physical injury), *report and recommendation adopted*, 2020 WL 2836467 (E.D. Cal. June 1, 2020); *Prophet v. Clark*, No. CV 1-08-00982, 2009 WL 1765197, at *1 (E.D. Cal. June 22, 2009) (finding no imminent danger of serious physical injury based upon denial of access to the courts and interference with legal mail privileges); *see also Peters v. Lazaroff*, No. 3:21-CV-0120, 2021 WL 2545830, at *2 (S.D. Tex. May 26, 2021) (holding that the plaintiff, who alleged he was denied access to religious services, did not demonstrate that he was in imminent danger of any physical harm), *appeal dismissed*, 2021 WL 6201279 (5th Cir. Aug. 5, 2021); *Hawkins v. San Diego Cnty.*, No. 3:20-CV-2200, 2021 WL 615052, at *2 (S.D. Cal. Feb. 16, 2021) (finding that allegations related to legal documents and access to religious services do not constitute "imminent danger"), *appeal dismissed sub nom*. 2021 WL 2349977 (9th Cir. Apr. 19, 2021).

Finally, to the extent that plaintiff suggests he may suffer retaliatory or unlawful acts in the future, the pleading lacks facts which would allow this Court to infer that any acts of retaliation or excessive force are imminent. *See Burgess*, 631 F.Supp.2d at 283 (W.D.N.Y. 2009) (holding that the allegation that the plaintiff was assaulted in the past did not, without more, support the inference that another attack was imminent); *Nelson v. Nesmith*, No. 9:06-CV-1177, 2008 WL 3836387, at *5 (N.D.N.Y. Aug. 13, 2008) ("The imminent danger claimed by the inmate . . . must be real, and not merely speculative or hypothetical") (citation omitted); *Avent v. Fischer*, No. 07-CV-1135, 2008 WL 5000041, at *6 (N.D.N.Y. Nov. 20, 2008) ("[U]nless the prospect of . . . a future assault is so specific and/or likely as to be deemed real, such an allegation will not suffice to allege an imminent danger on the date of the filing. This point of law is consistent with the rather well-established rule that the imminent

9

danger claimed by the inmate must be real, and not merely speculative or hypothetical.") (quotation marks and citations omitted); *see Bradshaw v. Uhler*, No. 9:22-CV-0094 (GTS/ML), 2022 WL 2347088, at *6 (N.D.N.Y. June 15, 2022), *reconsideration denied*, 2022 WL 3643965 (N.D.N.Y. Aug. 24, 2022), *appeal withdrawn*, 2022 WL 18871865 (2d Cir. Oct. 11, 2022).  Indeed, plaintiff has since been transferred out of Marcy C.F.  *See* Dkt. No. 13.

In short, as with the complaint, the second amended complaint lacks any allegations which plausibly suggest that plaintiff faced imminent danger of serious physical injury when he commenced this action.  As a result, the second amended complaint affords no basis for invoking the imminent danger exception of 28 U.S.C. § 1915(g).

Because plaintiff has already been afforded an opportunity to amend his complaint, if he wishes to proceed with this action he must, within thirty (30) days of the filing date of this Decision and Order, pay the statutory filing fee of four hundred and two dollars ($402.00) in full.[7]  Plaintiff is advised that his failure to timely comply with this Decision and Order will result in the dismissal of this action, without prejudice, without further Order of this Court.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Judgment entered March 8, 2023 (Dkt. No. 8) is vacated, and it is further

**ORDERED** that plaintiff's second amended complaint (Dkt. No. 14) is accepted for filing and deemed the operative pleading; and it is further

**ORDERED** that the Clerk of the Court shall amend the docket report consistent with

---

[7] The $402.00 filing fee consists of the civil filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $52.00.

this Order; and it is further

**ORDERED** that plaintiff's IFP application (Dkt. No. 2) is **DENIED** pursuant to 28 U.S.C. § 1915(g) because plaintiff has three "strikes" and is not entitled to the "imminent danger" exception; and it is further

**ORDERED** that this action shall be **DISMISSED** unless, within thirty (30) days of the date of this Decision and Order, plaintiff pays the Court's filing fee of four hundred and two dollars ($402.00) in full; and it is further

**ORDERED** that upon plaintiff's compliance with this Decision and Order, the Clerk of the Court shall return the file to this Court for review;[8] and it is further

**ORDERED** that if plaintiff fails to timely comply with this Decision and Order, the Clerk of the Court is directed to enter judgment dismissing this action, without prejudice, without further order of this Court; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Date: December 12, 2023
Albany, NY

*Anne M. Nardacci*
Anne M. Nardacci
U.S. District Judge

---

[8] In the event plaintiff pays the filing fee in full, the Court shall undertake a review of the sufficiency of the allegations in the amended complaint in accordance with 28 U.S.C. § 1915A.