**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JASON ET CATO, *also known as Jason Cato*,

Plaintiff,

v. 9:22-cv-1173 (AMN/PJE)

SNEDECKER, BRADBARRY, and CO BLACKMER,

Defendants.

---

**APPEARANCES:** **OF COUNSEL:**

**JASON ET CATO**
83 Seneca Street
Geneva, New York 14456
Plaintiff *pro se*

**NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL** **DAVID C. WHITE, ESQ.**
The Capitol
Albany, New York 12224
*Attorneys for Defendants*

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

On November 9, 2022, plaintiff *pro se* Jason ET Cato ("Plaintiff"), who at all relevant times was incarcerated in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Marcy Correctional Facility ("Marcy"), commenced this action pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging violations of his civil rights. Dkt. No. 1. This Court dismissed Plaintiff's initial complaint without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). *See* Dkt. Nos. 6-8. Plaintiff then filed a notice of appeal, Dkt.

No. 9, along with an amended complaint, Dkt. No. 10. The Second Circuit held Plaintiff's appeal in abeyance and directed this Court to construe Plaintiff's filing as a timely motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). Dkt. No. 12. Plaintiff then filed a second amended complaint. Dkt. No. 14.

On December 12, 2023, the Court vacated its previous order, Dkt. No. 8, and accepted Plaintiff's second amended complaint as the operative pleading in this matter, Dkt. No. 15. The Court also denied Plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(g) because Plaintiff has three "strikes" and did not demonstrate that he was entitled to the "imminent danger" exception. *Id.* That same day, Plaintiff again moved to amend his complaint and attached a proposed third amended complaint. Dkt. No. 16. After Plaintiff paid the filing fee, *see* Dkt. No. 18, and withdrew his appeal, Dkt. No. 21, the Court accepted Plaintiff's proposed third amended complaint ("Third Amended Complaint") on March 27, 2024 as an amendment filed as of right pursuant to Federal Rule of Civil Procedure 15(a)(1), Dkt. No. 22. The Court accordingly denied Plaintiff's motion to amend as moot. *Id.*

Upon *sua sponte* review of the Third Amended Complaint under 28 U.S.C. § 1915A(b), the Court dismissed a number of Plaintiff's claims and ordered the issuance of summonses as to the remaining claims and defendants. *Id.* Specifically, the Court found that Plaintiff's Eighth Amendment claims against defendants Snedecker, Bradbarry, and Blackmer ("Defendants") survived review and required a response. *Id.*

On September 29, 2025, after the parties had engaged in discovery, Defendants filed a motion for summary judgment ("Motion") seeking judgment as to each of Plaintiff's remaining claims. Dkt. No. 64. In his opposition to the Motion, Plaintiff also sought summary judgment ("Cross-Motion") as to his claims. Dkt. No. 66. Defendants replied. Dkt. No. 67.

This matter was referred to United States Magistrate Judge Paul J. Evangelista, who issued a Report and Recommendation ("Report-Recommendation") on July 28, 2026, recommending that Defendant's Motion be granted in part and denied in part. Dkt. No. 68 at 30.[1] Magistrate Judge Evangelista advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 17. Neither party has filed objections and the time to file objections has passed.

For the following reasons, the Court adopts the Report-Recommendation in its entirety.

## II. STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)). After appropriate review, "the

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## III. DISCUSSION

Because no party has filed objections, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Evangelista first noted that Plaintiff did not properly respond to Defendants' Statement of Material Facts pursuant to Local Rule 56.1. Dkt. No. 68 at 2-3. But in deference to Plaintiff's *pro se* status, Magistrate Judge Evangelista treated Plaintiff's opposition as a response to the Statement of Material Facts and independently reviewed the record when evaluating the Motion. *Id.* at 3-4.

A court grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to Plaintiff's Eighth Amendment failure to intervene claim against Defendant Blackmer, Defendants sought summary judgment for failure to exhaust administrative remedies, and Magistrate Judge Evangelista recommended that this Court grant Defendants' Motion on that basis. Dkt. No. 68 at 9, 20-24. As for Plaintiff's Eighth Amendment excessive force claims against Defendants Snedecker and Bradbarry, Defendants argued that Plaintiff could not establish the

elements of his claims as a matter of law. Dkt. No. 68 at 9-10. Magistrate Judge Evangelista, however, recommended that the Court deny Defendants' Motion as to those claims because the parties' submissions reveal a genuine dispute as to various material facts. *Id.* at 26-29.

**A. Defendant Blackmer**

As to Plaintiff's claim against Defendant Blackmer, Magistrate Judge Evangelista first outlined the relevant law concerning exhaustion under the Prison Litigation Reform Act ("PLRA"). Dkt. No. 68 at 13-16. Before a prisoner can bring an action for claims under Section 1983 arising from his incarceration, the PLRA requires that he exhaust any available administrative remedies. *See* 42 U.S.C. § 1997e(a). Magistrate Judge Evangelista explained that DOCCS has a three-step inmate grievance program. Dkt. No. 68 at 15-16. "First, the inmate must file a complaint with the Inmate Grievance Resolution Committee ("IGRC") within twenty-one (21) calendar days of the alleged incident." *Id.* at 15 (citing 7 N.Y.C.R.R. § 701.5). "Second, if the inmate is dissatisfied with the IGRC's decision, the inmate may appeal the IGRC's decision to the facility's superintendent." *Id.* (citing 7 N.Y.C.R.R. § 701.5(c)(1)). Third, after the superintendent renders a decision, "the inmate may appeal the superintendent's decision to the [Central Office Review Committee ("CORC")]". *Id.* (citing *See* 7 N.Y.C.R.R. § 701.5(d)(1)(i)). "It is only after CORC renders a final decision, and the inmate receives that final decision, that the administrative remedies available to the inmate/claimant are exhausted." *Id.* at 16 (citing *Torres v. Carry*, 672 F. Supp. 2d 338, 344 (S.D.N.Y. 2009)).

Magistrate Judge Evangelista also explained that the PLRA's exhaustion requirement "hinges" on the availability of the administrative remedies. *Id.* at 21. Under *Ross v. Blake*, an administrative procedure is unavailable when (1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) it is "so opaque

that it becomes, practically speaking, incapable of use;" or (3) "prisoner administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *See id.* (quoting *Ross v. Blake*, 578 U.S. 632, 644 (2016) (internal quotations omitted)).

Turning to Defendant's Motion, Magistrate Judge Evangelista recommended that the Court grant summary judgment as to Plaintiff's claim for failure to intervene against Defendant Blackmer because Plaintiff "fails to demonstrate that he took the first step of the inmate grievance process" regarding this claim. *Id.* at 19. Magistrate Judge Evangelista stated that Defendants had submitted sworn declarations from the Inmate Grievance Program Director and the Marcy Inmate Grievance Program supervisor asserting that DOCCS had no record of Plaintiff filing a grievance against Defendant Blackmer related to the alleged failure to intervene incident on December 11, 2022. *Id.* at 17 (citing Dkt. No 64-1 at 3; Dkt. No. 64-3; 64-4). Plaintiff, on the other hand, failed to submit any evidence refuting Defendants' evidence or otherwise showing that he had submitted a grievance regarding the events underlying this claim. *Id.* (citing Dkt. No. 66 at 8).

Magistrate Judge Evangelista also concluded that Plaintiff did not demonstrate that any of the *Ross* exceptions applied to this claim. *Id.* at 22-23. As such, Plaintiff's administrative remedies were available to him. *Id.* Finally, because the time in which Plaintiff was required to file his initial grievance expired, any renewed attempt to exhaust would be futile, thus Magistrate Judge Evangelista recommended that the Court dismiss Plaintiff's claim against Defendant Blackmer with prejudice. *Id.* at 24.

**B. Defendant Snedecker**

As to Plaintiff's claims for excessive force, Magistrate Judge Evangelista noted that "to establish an Eighth Amendment claim for excessive force, an incarcerated individual must prove

(1) subjectively, that the defendant acted wantonly and in bad faith, and (2) objectively, that the defendant's actions violated contemporary standards of decency." *Id.* at 25 (citing *Josey v. Ramos*, No. 9:21-CV-00637, 2025 WL 2880706, at *3 (N.D.N.Y. Oct. 9, 2025). Such claims may include those alleging sexual assault during a search, in which "the principal inquiry is whether the contact is incidental to legitimate official duties, such as a justifiable pat frisk or strip search, or by contrast whether it is undertaken to arouse or gratify the officer or humiliate the inmate." *Id.* (citing *Josey*, 2025 WL 2880706, at *5) (internal quotes omitted). "Factors courts consider include (i) the timing of the search, (ii) the comments made during the search, and (iii) any subsequent comments made by the corrections officers." *Id.* at 26 (citing *Josey*, 2025 WL 2880706, at *5) (internal quotes omitted).

Plaintiff alleges that Defendant Snedecker "sexually assaulted him during a pat frisk" on January 5, 2022. *Id.* at 26 (citing Dkt. No. 23 at 9). After reviewing the record, Magistrate Judge Evangelista determined that "there is a genuine issue of material fact as to the motivation behind why Snedecker conducted the pat frisk that led to the alleged sexual assault." *Id.* at 27. Specifically, even though Defendant Snedecker declared that he conducted the pat frisk according to standard procedure "over the clothes," Defendants do not address Plaintiff's allegations that Defendant Snedecker placed at least one of his hands inside of Plaintiff's pants or that he performed the pat frisk after commenting on Plaintiff's race and religion. *Id.* at 27 n. 11 (citing Dkt. No. 64-7 at 2; Dkt. No. 64-10 at 69-70; Dkt. No. 64-12). Thus, Magistrate Judge Evangelista concluded that a reasonable factfinder could credit Plaintiff's testimony and find that Defendant Snedecker conducted the pat frisk "to humiliate Plaintiff or derive sexual arousal or gratification from the contact." *Id.* at 27 (citing *Josey*, 2025 WL 2880706, at *5) (internal quotes omitted).

**C. Defendant Bradbarry**

Magistrate Judge Evangelista concluded similarly as to Plaintiff's claim against Defendant Bradbarry for alleged sexual assault during a pat frisk on December 11, 2022. *Id.* at 28-29. Plaintiff specifically alleged that Defendant Bradbarry placed his hands in the backside of Plaintiff's pants and inserted a finger into Plaintiff's rectum with the intent to humiliate Plaintiff, while Defendant Bradbarry declared that he never sexually assaulted Plaintiff and that he only performed the pat frisk in furtherance of promoting safety and security. *Id.* at 28 (citing Dkt. No. 64-10 at 131-33, 135, 151-152; Dkt. No. 64-6 at 2). After review, Magistrate Judge Evangelista found that these conflicting accounts, when viewed in the light most favorable to the nonmoving party, presented genuine issues of material fact that could not be resolved at summary judgment. *Id.* at 29.

**Plaintiff's Cross-Motion**

Finally, Magistrate Judge Evangelista recommended that Plaintiff's Cross-Motion for summary judgment be denied. *Id.* Magistrate Judge Evangelista found that Plaintiff had not supported his conclusion that he is entitled summary judgment with any evidence, and undermined his own request "by conceding that there are 'genuine issues of facts'" regarding the exact issues on which he seeks judgment as a matter of law. *Id.*

**D. The Court's Review**

After reviewing the Report-Recommendation and the parties' submissions, the Court finds no clear error and adopts Magistrate Judge Evangelista's recommendation to grant Defendant's Motion as to Plaintiff's claim against Defendant Blackmer and deny it as to Plaintiff's claims against Defendants Snedecker and Bradbarry. The Court also adopts Magistrate Judge Evangelista's recommendation to deny Plaintiff's Cross-Motion.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation**,** Dkt. No. 68, be **ADOPTED** for the reasons stated herein; and the Court further

**ORDERS** that Defendant's Motion for summary judgment, Dkt. No. 64, be **GRANTED** as to Plaintiff's Eighth Amendment claim for failure to intervene against Defendant Blackmer; and the Court further

**ORDERS** that Plaintiff's Eighth Amendment claim for failure to intervene against Defendant Blackmer be **DISMISSED with prejudice**; and the Court further

**ORDERS** that Defendant's Motion for summary judgment, Dkt. No. 64, be **DENIED** as to Plaintiff's Eighth Amendment claims for excessive force against each of Defendant Snedecker and Defendant Bradbarry; and the Court further

**ORDERS** that Plaintiff's Cross-Motion for summary judgment, *see* Dkt. No. 66, be **DENIED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: September 1, 2026
Albany, New York

Anne M. Nardacci
Anne M. Nardacci
U.S. District Judge